UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARIA RAMIREZ, § <br> Plaintiff § <br> § <br> v. § <br> § <br> SANOFI U.S. SERVICES, INC., SANOFI- § <br> AVENTIS U.S. LLC, § <br> Defendant | | Case No.  SA-23-CV-01419-XR |

## AGREED SCHEDULING RECOMMENDATIONS

The parties recommend that the following deadlines be entered in the scheduling order to control the course of this case:

**MOTIONS FOR LEAVE TO AMEND PLEADINGS.**

**The deadline for Plaintiff(s) to file a motion seeking leave to amend pleadings; or to join parties is <u>in dispute</u>.**

Plaintiff's Position:

Plaintiff Maria Ramirez asserts that Contrary to Defendants' position, all deadlines to amend her Complaint have not passed. Plaintiffs in the MDL had the opportunity to join additional parties and amend pleadings, but context is required for the amendments which Plaintiffs sought. Specifically, Plaintiffs sought to include additional factual allegations regarding Sanofi's conduct relevant to tolling/timeliness issues and to amend the definitional allegation of PCIA because the original allegation was vague as to when Plaintiffs were aware of such definition and because when a Plaintiff's PCIA developed and/or was discoverable is inherently Plaintiff-specific, necessarily an expert/medical issue, and not tied to a particular arbitrary date. MDL R. Doc. 8334 (Motion for Leave to File Plaintiffs' Third Amended Master Long-Form Complaint).  Plaintiffs'

proposed amendment alleged that there is "no single definition" for PCIA, and therefore the amount of time to establish permanent hair loss varies from patient to patient. See Id. The Court denied Plaintiffs' Motion for Leave to File Plaintiffs' Third Amended Master Long-Form Complaint on December 12, 2019. See MDL R. Doc. 8702 (Order & Reasons Denying Pls.' Mot. for Leave to File Pls.' Third Am. Master Long-Form Compel. & Jury Demand).

     Currently, the only plaintiff-specific allegations set forth by Mrs. Ramirez are contained in her individual short form complaint. MDL R. Doc. 1463 (PTO 73). Pretrial Order No. 105 was entered by the Court, as an influx of requests to amend short form complaints ensued following the MDL Court's denial of leave to amend the Master Complaint, in an effort to streamline the filing of amendments for statute of limitations purposes. MDL R. Doc. 10338 (PTO 105). The Order was expressly titled: "Short Form Complaint Allegations and Amendments – Statute of Limitations Order."  Thus, for the purposes of making amendments relevant to the statute of limitations, PTO 105 limited the substance of what Plaintiffs would be granted leave to file to: "factual allegations regarding particularized facts individual and specific to each Plaintiff's medical care and treatment and/or that Plaintiff's communications with medical professionals." Plaintiffs' position is that PTO 105 impermissibly limited the ability of Plaintiffs to allege case specific facts without conducting the necessary analysis of whether to grant leave under Rule 15. Nonetheless, the parties subsequently stipulated that Plaintiffs would "not to seek leave to amend SFCs to add or include any allegations that are inconsistent with PTO 105 or this Court's Orders addressing motions to amend SFCs, including any allegations that have been previously disallowed by the Court." MDL R. Doc. 11347. This was done to avoid the necessity of the Court having to rule on possibly hundreds or thousands of amendments.  In exchange for the Plaintiffs' stipulated agreement, the Defendants agreed that if a "Defendant seeks dismissal of any case based on a

statute of limitations, it agrees that it will not argue waiver based on any Plaintiff's refraining from amending her SFC to include allegations inconsistent with PTO 105, as described in paragraph 2 hereinabove." Id. Accordingly, there was a proverbial "pin" put on this issue.  Despite this express agreement, Defendants now argue to this Court, precisely what they stipulated they would not argue, that Mrs. Ramirez has waived her right to amend her complaint because the "deadline" to amend in the MDL has passed. That argument falls flat, as there has never been a case-specific deadline in Mrs. Ramirez' matter for amendments of pleadings.

Furthermore, many short form complaint amendments have been accomplished after the deadline established by PTO 105 for other reasons, i.e., amending named defendants and/or amending causes of action. Thus, it is simply incorrect that all deadlines for amending complaints have passed. Rather, under Rule 54(b) this Court has vast discretion to reconsider the interlocutory ruling in PTO 105 that limited Plaintiffs' ability to seek leave to amend under Rule 15. Fed. R. Civ. P. 54(b).

The short form complaint employed in the MDL did not enumerate sections where plaintiff-specific facts were appropriate beyond having the Plaintiff identify where she lived, where she was treated, the time-period of her use of the drug in question, the time-period her injury occurred and a brief description of her injury.  The short form complaint did not ask Plaintiff to assert case-specific factual information concerning when she learned the underlying cause of her injury.  As such, Mrs. Ramirez has been unable to plead any additional case specific facts such as when she learned of the connection between her injury and her use of Taxotere yet Sanofi seeks to dismiss her claims as set forth above on statute of limitations grounds based upon the minimal case specific allegations contained in Mrs. Ramirez's short form complaint.  Furthermore, when filing her short form complaint, Mrs. Ramirez was bound to the pleading of those causes of action as set

3

forth in the Master. To date, Mrs. Ramirez has not had an opportunity to amend her complaint to allege specific acts of concealment which hindered her (and her doctors') ability to discover the connection of her injury to Taxotere. **AS SUCH, PLAINTIFF REQUESTS TO BE PROVIDED UNTIL 2/9/2024 TO FILE A MOTION FOR LEAVE TO AMEND HER COMPLAINT**.

Sanofi's position:

Plaintiff's Second Amended Master Long-Form Complaint remains the operative pleading, together with her Short Form Complaint. *See* Transfer Order at *Id.* at 74–76.

Sanofi opposes Plaintiff's request to reopen the pleadings. Plaintiff was given an opportunity to join additional parties and amend pleadings, but she did not. As the MDL Court made clear in its Transfer Order, "[a]ll deadlines for Plaintiffs to amend their individual complaints without leave of court have passed." *Id.* at 76.

Plaintiffs previously had multiple opportunities to include case-specific facts in their complaints. Plaintiff filed her Amended Short Form Complaint on October 23, 2017. Doc. 1. General discovery against Sanofi closed on December 15, 2018. *See* Transfer Order at 80. And the Court entered Pretrial Order 105 on May 11, 2020. Doc. 6-2 (PTO 105) at 167–68.[1] Thus Pretrial Order 105 was entered more than two and a half years after Plaintiff filed her complaint and one and a half years after the close of general discovery.

The form Ms. Ramirez completed for her Amended Short Form Complaint allowed her to provide plaintiff-specific facts and additional causes of action. *See* Doc. 1 ¶¶ 12–13. Paragraph 13 explicitly invites Plaintiffs to assert additional theories or causes of action not included in the

---

[1] The Joint Designation of Record accompanying this case's transfer is filed in the docket at Doc. 6. An index of the documents is provided in Doc. 6 itself, while the record documents are split across multiple attachments. For instance, Doc. 6-1 includes the MDL Court's transfer orders, while Doc. 6-2 includes its pretrial orders. When citing a document in the Joint Designation of Record, Sanofi cites to the attachment number as shown in the docket and the page number of that document as continuously paginated.

Master Complaint—including claims available in other jurisdictions, such as particular state consumer protection claims, and the specific facts and allegations supporting those theories—by selecting "Other" and describing them in the text box. *Id.* In fact, in her Amended Short Form Complaint, Plaintiff took full advantage of this opportunity and added claims of extreme and outrageous conduct, intentional infliction of emotional distress, and punitive damages. *Id.*

That Order expressly permitted Plaintiffs to "amend their complaints to add factual allegations regarding particularized facts individual and specific to each Plaintiff's medical care and treatment and/or that Plaintiff's communications with medical professionals," but it also set a deadline for doing so of January 15, 2021. Doc. 6-2 (PTO 105) at 161; Doc. 6-2 (Stip. Regarding Pretrial Order 105) at 169. Further amendments to Plaintiff's complaints, especially with regard to the definition of their alleged injury, would negate much of the work done in the MDL. *See* Doc. 6-4 (Order Den. Pls.' Mot. to File Third Am. Master Compl.) at 1428.

From the beginning, Plaintiffs' Master Long Form Complaint has defined their alleged injury—permanent chemotherapy induced alopecia—as "an absence of or incomplete hair regrowth six months beyond the completion of chemotherapy." Doc. 6-4 (Master Long Form Compl.) at 37–38; Doc. 6-4 (First Am. Master Long Form Compl) at 169; Doc. 6-4 (Second Am. Master Long Form Compl.) at 378. In 2019, Plaintiffs in the MDL sought to amend the Master Long Form Complaint to change their definition of the injury to no longer manifest six months after completion of chemotherapy. Doc. 6-4 (Order Den. Pls.' Mot. to File Third Am. Master Compl.) at 1425. The MDL court rejected their efforts, concluding that the redefinition would prejudice Defendants and undo the MDL court's work. *Id.* at 1428 ("If the Court were to allow Plaintiffs to amend at this late stage, this would negate a significant amount of the work that has been done in this MDL. Defendants would undoubtedly want to revise certain expert reports and

5

conduct supplemental depositions, and certain rulings from the Court would be mooted."). For example, the magistrate judge in the MDL has used the definition in resolving discovery disputes. *Id.* And both Plaintiffs' and Sanofi's general experts have testified under the six-month injury definition. *See id.*

"Presumably, Plaintiffs made an informed decision to define their injury the way they originally did." *Id.* at 1429. This Court should not permit Plaintiffs to do here what the MDL court already rejected.

\* \* \*

Other courts handling cases remanded from the MDL have recognized that "[p]laintiff has already been afforded the opportunity to amend her complaint within the multidistrict litigation and the deadline set by that court to amend the pleadings has long since passed." *See Smith v. Sanofi U.S. Servs. Inc., et al.*, No. 23-22013-Civ-Scola (S.D. Fla. Aug. 1, 2023), ECF No. 23 at 1, n. 1 (Scheduling Order and Order of Referral to Mediation); *see also Ali v. Sanofi-aventis U.S. LLC*, No. 3:23-CV-02694-JSC, 2023 WL 6390592, at \*3 n.1 (N.D. Cal. Sept. 29, 2023); *Maxwel v. Sanofi-Aventis*, U.S. LLC, No. 2:23-CV-696-ACA, 2023 WL 7115575, at \*2 (N.D. Ala. Oct. 27, 2023)

**The deadline for Defendant(s) to file a motion (1) to designate responsible third parties, pursuant to Texas Civil Practices & Remedies Code § 33.004(a); (2) seeking leave to amend pleadings; or (3) to join parties is <u>not applicable</u>.**

**EXPERTS**

**All parties asserting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Fed. R. Civ. P. 26(a)(2)(B) on or before <u>August 2, 2024</u>.**

**Parties resisting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Fed. R. Civ. P. 26(a)(2)(B) on or before <u>October 4, 2024</u>.**

**All parties shall file all designations of rebuttal experts and serve on all parties the material required by Fed. R. of Civ. P. 26(a)(2)(B) for such rebuttal experts, to the extent not already served, within fifteen (15) days of receipt of the report of the opposing expert.**

**The deadline for filing supplemental reports required under Fed. R. Civ. P. 26(e) is <u>not applicable</u>.**

**COMPLETION OF DISCOVERY**

**Written discovery requests are not timely if they are filed so close to this deadline that under the Federal Rules of Civil Procedure the response would not be due until after the deadline.**

**The deadline for the completion of all fact discovery is <u>July 12, 2024</u>.**

The parties request that there be an earlier deadline for the completion of the deposition of Plaintiff and the prescribing physician in this matter, and that this deadline fall on March 15, 2024.

The parties further request that there be separate deadlines for the completion of expert discovery and propose that the deadline for Defendant to depose Plaintiff's expert(s) fall on September 6, 2024, and that that the deadline for Plaintiff to depose Defendant's experts be November 1, 2024.

**ALTERNATIVE DISPUTE RESOLUTION/MEDIATION**

**The parties must mediate this case on or before <u>December 6, 2024</u>, and file a report in accordance with Rule 88 within seven (7) days after the mediation is completed.**

**All offers of settlement are to be private, not filed. The parties are ordered to retain**

**the written offers of settlement and response as the Court will use these in assessing attorneys' fees and costs at the conclusion of the proceedings.**

**If a settlement is reached, the parties should** immediately notify the Court so the case may be removed from the Court's trial docket.

### PRETRIAL MOTIONS

The parties request that the Court set a deadline for the filing of a motion for judgment on the pleadings in this case, and that this deadline be February 23, 2024.

**No motion (other than a motion in limine) may be filed after this date except for good cause. The deadline to file motions (including dispositive motions and Daubert motions) is <u>January 24, 2025</u>.**[7] **This deadline is also applicable to the filing of any summary judgment motion under Fed. R. Civ. P. 56 and any defense of qualified immunity. Leave of court is automatically given to file motions, responses, and replies not to exceed 30 pages in length.**[8] **Fed. R. Civ. P. 6(d) does not apply to the time limits set forth in Local Rule CV-7 for responses and replies to motions.**

### WITNESS LIST, EXHIBIT LIST, AND PRETRIAL DISCLOSURES

**The deadline for filing Rule 26(a)(3) disclosures is <u>March 3, 2025</u>.**

**The deadline for filing objections under Rule (26)(a)(3) is <u>April 7, 2025</u>.**

**Any objections not made will be deemed waived.**

### JOINT PRETRIAL ORDER AND MOTION IN LIMINE

**The deadline to file a Final Joint Pretrial Order and any motion in limine is <u>April 21, 2025</u>.**

**All attorneys are responsible for preparing the Final Joint Pretrial Order, which must contain the following:**

(1) **a short statement identifying the Court's jurisdiction. If there is an unresolved jurisdictional question, state it;**

(2) **a brief statement of the case, one that the judge could read to the jury panel for an introduction to the facts and parties;**

(3) **a summary of the remaining claims and defenses of each party;**

(4) **a list of facts all parties have reached agreement upon;**

(5) **a list of contested issues of fact;**

(6) **a list of the legal propositions that are not in dispute;**

(7) **a list of contested issues of law;**

(8) **a list of all exhibits expected to be offered. Counsel will make all exhibits available for examination by opposing counsel. All documentary exhibits must be exchanged before the final pre-trial conference. The exhibit list should clearly reflect whether a particular exhibit is objected to or whether there are no objections to the exhibit;**

(9) **a list of the names and addresses of witnesses who may be called with a brief statement of the nature of their testimony;**

(10) **an estimate of the length of trial;**

(11) **for a jury trial, include (a) proposed questions for the voir dire examination, and (b) a proposed charge, including instructions, definitions, and special interrogatories, with authority;**

(12) **for a nonjury trial, include (a) proposed findings of fact and (b) proposed conclusions of law, with authority;**

(13) **the signatures of all attorneys; and**

(14) **a place for the date and the signature of the presiding judge.**

**FINAL PRETRIAL CONFERENCE**

**The Final Pretrial Conference shall be held on [THIS DATE WILL BE COMPLETED BY THE COURT] _____.**

**Motions in limine, if any, will be heard on this date. Counsel should confer prior to this hearing on any issues raised in a motion in limine or the Joint Pretrial Order. Any party intending to use a demonstrative exhibit should provide the same to opposing counsel at least 3 days prior to the Final Pretrial conference so that if any objections or issues are raised about the demonstrative exhibit, they can be addressed at the final pretrial conference.**

**TRIAL**

**The <u>Jury</u> Trial Date is <u>June 2, 2025</u>.**


Dated: December 15, 2023

| | |
|---|---|
| *s/Russell W. Lewis* | */s/ Martin Scott Michelman* |
| Russell W. Lewis, IV (TN 024570) | Martin Scott Michelman |
| Pierce Jones (TX 24110061) | State Bar No.: 00797075 |
| JOHNSON LAW GROUP | Shook, Hardy & Bacon, LLP |
| 2925 Richmond Ave., Ste. 1700 | 600 Travis Street, Suite 3400 |
| Houston, TX 77098 | Houston, Texas 77002 |
| Telephone: 713-626-9336 | Tel: (713) 227-8008 |
| Fax: 713-583-9460 | Fax: (713) 227-9508 |
| rlewis@johnsonlawgroup.com | mmichelman@shb.com |
| pjones@johnsonlawgroup.com | |
| ***Attorneys for Plaintiff*** | ***Attorney for Defendants Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc.*** |